UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Plaintiff, David Louis Cantgaallo

V.

Case/Docket No.

Defendant, Sanford Circuit
Adult Probation
Sanford FL, Seminole County

MOTION TO QUASH, DISMISS, OR SET ASIDE

Defendant shows to the court: Motion to QuasH Warrant for Probation Violation dating back to may 1981 from Sanford FL was denied on July 20th 2005 by JUDGE Clifton Washington County S.C. RHode Island

5. Defendant would like to present oral argument in support of this motion.

WHEREFORE, defendant prays that this honorable court will move to quash, dismiss, or set aside the [redacted] Warrant (attached) on the grounds that under the terms of the IAD, it no longer has force or effect.

Dated Oct 18, 2005

Signature,

# 63743
DPF PO Box 20983
CRANSton, RI
02920

# Petition for Relief From a Conviction or Sentence By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for RHode ISland
   Address
   City, State Zip Code

9. CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District RHOde ISland |
|---|---|
| Name (under which you were convicted): David Louis Cantagallo | Docket or Case No.: W2-2004-0103A |
| Place of Confinement: RHode ISland Department of Corrections | Prisoner No.: 63743 |
| Petitioner (include the name under which you were convicted) David L Cantagallo v. | Respondent (authorized person having custody of petitioner) R.I. D.O.C |
| The Attorney General of the State of RI | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: SANFORD-CiRCUit 2684 Orlando Drive SANFORD, FLorida 32773

   (b) Criminal docket or case number (if you know): 79-1043-CFB

2. (a) Date of the judgment of conviction (if you know): MarcH 5, 1980

   (b) Date of sentencing: MarcH 5, 1980

3. Length of sentence: 5 years Probation

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☐ No ☑

5. Identify all crimes of which you were convicted and sentenced in this case: B+C Burglary

6. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (3) Nolo contendere (no contest) ☑

   (2) Guilty ☐ (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?

Yes ☐ No ☑

9. If you did appeal, answer the following:

(a) Name of court: ______

(b) Docket or case number (if you know): ______

(c) Result: ______

(d) Date of result (if you know): ______

(e) Citation to the case (if you know): ______

(f) Grounds raised: ______

(g) Did you seek further review by a higher state court? Yes ☐ No ☑

If yes, answer the following:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Result: ______

(4) Date of result (if you know): ______

(5) Citation to the case (if you know): ______

(6) Grounds raised: ______

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If yes, answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: WAShington County SC

(2) Docket or case number (if you know): W2 2004 0103A

(3) Date of filing (if you know): May 31 2005

(4) Nature of the proceeding: Motion to QuASH

(5) Grounds raised: Warrant was 24 years old and That Washington County SC Held me from Nov 1981 to march 1982 Florida declined to pick me up and probation WAS Continued and Completed here in RI Between 1988 to 2003 Expired 3 different (AT RIDOC) Sentences. WARRANT Was Never Issued til March 2005.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☑ No ☐

(7) Result: Denied

(8) Date of result (if you know): July 20 2005 WSSC

(b) If you filed any second petition, application, or motion, give the same information: NO

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☑

(7) Result: ______

(8) Date of result (if you know): ______

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☑

(7) Result: ______

(8) Date of result (if you know): ______

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☐ No ☑

(2) Second petition: Yes ☐ No ☑

(3) Third petition: Yes ☐ No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

______

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Warrant is 25 years old Probation WAS Reenstated 1982. by RI and

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Completed.
WAS in US ARMY During warrant issued Approved by probation.

Was in RI DOC Custudy 10 year prior to WARRANT and issue.
NO Return response from FL After Numorous ATTEMPS.

(b) If you did not exhaust your state remedies on Ground One, explain why: Judge Clifton told me he could Not Advise me ON what next Steps I would have to TAKE

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

____________________

____________________

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ____________________

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

____________________

____________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ____________________

____________________

____________________

____________________

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: ____________________

____________________

____________________

GROUND TWO: ____________________

____________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

____________________

____________________

____________________

____________________

(b) If you did not exhaust your state remedies on Ground Two, explain why: ______

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ____________________

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: ____________________

GROUND THREE: ____________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why: ____________________

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: ____________________

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

______

______

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

______

______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

______

______

______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ______

______

______

GROUND FOUR: ______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

______

(b) If you did not exhaust your state remedies on Ground Four, explain why: ______

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______________________

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______________________

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☐ No ☑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ______________________

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ______________________

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. ____________

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ____________

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: NONE Filed PRO-SE

(b) At arraignment and plea: ____________

(c) At trial: ____________

(d) At sentencing: ____________

(e) On appeal: ____________

(f) In any post-conviction proceeding: ____________

(g) On appeal from any ruling against you in a post-conviction proceeding: ____________

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______________________________

(b) Give the date the other sentence was imposed: ______________________________

(c) Give the length of the other sentence: ______________________________

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* ______________________________

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: Motion to QUASH, DISMISS, or Set ASide

or any other relief to which petitioner may be entitled.

______________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on October 18, 2005 (month, date, year).

Executed (signed) on October 18, 2005 (date).

______________________
Signature of Petitioner

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. ______________________________________________
______________________________________________
______________________________________________

## IN FORMA PAUPERIS DECLARATION

______________________________________________

[Insert appropriate court]

*****

# Warrant

Docket No. 79-1043-CFB

In the Name of the State of Florida, to All and Singular the Sheriffs of the State of Florida:

WHEREAS, Diana N. Cabana has made oath before Katherine Newman, Notary Public, State of Florida, at Large that on the 5th day of March A. D. 19 80 one David L. Cantagallo, hereinafter referred to as the aforesaid, was placed on probation for the offense of Burglary in the Circuit Court of Seminole County, for a term of Five(5) years, in accordance with the provisions of Chapter 948, Florida Statutes, and that the aforesaid has not properly conducted himself, but has violated the conditions of his probation in a material respect by

Violation of Condition (3) in that the probationer left his approved residence at Marathon House, 6 Madison Avenue, Springfield, Mass., on or about December 1, 1980, and failed to return on 1/16/81, as had been agreed upon, and his present whereabouts is unknown.

1981 MAY 20 AM 10: 11
SEMINOLE CO.
WARRANT'S DIV

THESE ARE, THEREFORE, to command you to arrest instanter the aforesaid David L. Cantagallo, and bring him before me to be dealt with according to law.

Given under my hand and seal this 15 day of May A. D. 19 81

Judge Circuit Court

In and for Seminole County

Original: Sheriff's Office
Copies: Court
dgB

DOR CB-4
Rev. 12/76

FLORIDA DEPARTMENT OF CORRECTIONS

# Application for Compact Services and Agreement to Return

1981 MAY 20 PM 3:05 SEMINOLE CO. WARRANT'S DIV

[S]ending State — Florida Receiving State Rhode Island

I, David Cantagallo, hereby apply for supervision [a]s a probationer/~~parolee/conditional releasee~~ pursuant to the Interstate Compact for the Supervision of Probationers/parolees/[co]nditional releasees. I understand that the very fact that supervision will be in another state makes it likely that there will be [cer]tain differences between the supervision I would receive in Florida and the supervision which I will receive in any state to [w]hich I am asking to go. However, I urge the authorities to whom this application is made, and all other judicial and administ[ra]tive authorities, to recognize that supervision in another state, if granted as requested in this application, will be a benefit [to] me and will improve my opportunities to make a good adjustment. In order to get the advantages of supervision under the [In]terstate Compact for the Supervision of Probationers/parolees/conditional releasees, I do hereby accept such differences in [t]he course and character of supervision as may be provided, and I do state that I consider the benefits of supervision under [t]he Compact to be worth any adjustments in my situation which may be occasioned.

Inasmuch as I agree to the above, I do hereby apply for permission to be supervised on probation/parole/conditional release in Rhode Island, for the following reasons:

1. That I will make my home with Daniel Cantagallo (Name) 69 Florin Street, Warwick, Rhode Island, until a change of residence is duly authorized by the proper authorities of Rhode Island (Receiving State)
2. That I will comply with the conditions of probation/parole/conditional release as fixed by both the State of Florida and Rhode Island
3. That I will, when duly instructed by the Florida authorities, return at any time to the said state.
4. That I hereby do waive extradition to the State of Florida from any jurisdiction in or outside the United States where I may be found and also agree that I will not contest any effort by any jurisdiction to return me to the State of Florida.
5. Failure to comply with the above will be deemed to be a violation of the terms and conditions of probation/parole/conditional release for which I may be returned to the State of Florida.

I (have read the above) (have had the above read and explained to me), and I understand its meaning and agree thereto.

Date March 6, 1980 Signed David Cantagallo

Witnessed by Diana Cabana

Witnessed by Sharon L Wahl

On the ______ day of ______________, 19___, permission was granted to the above probationer/parolee/conditional releasee to reside in the State of ______________ and be supervised by ______________________________

______________________________
Officer

Original: Compact Office
Copies: Client
Receiving State
[illegible]

CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD SAFEGUARD IT

ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

DD FORM 214, 1 JUL 79 — PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE.

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

1. NAME *(Last, first, middle)*: CANTAGALLO, DAVID LOUIS
2. DEPARTMENT, COMPONENT AND BRANCH: ARMY/RA
3. SOCIAL SECURITY NO.: 038 | 42 | 1786

4a. GRADE, RATE OR RANK: PV1
4b. PAY GRADE: E-1
5. DATE OF BIRTH: 580923
6. PLACE OF ENTRY INTO ACTIVE DUTY: BOSTON MA

7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND: CO E 4TH BN 2D TNG BDE USATCE TRADOC TC
8. STATION WHERE SEPARATED: FORT LEONARD WOOD MO

9. COMMAND TO WHICH TRANSFERRED: NA
10. SGLI COVERAGE: AMOUNT $ 20,000 ☐ NONE

11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY *(Additional specialty numbers and titles involving periods of one or more years)*: NA

| 12. RECORD OF SERVICE | YEAR (s) | MON (s) | DAY (s) |
|---|---|---|---|
| a. Date Entered AD This Period | 81 | 01 | 07 |
| b. Separation Date This Period | 81 | 06 | 09 |
| c. Net Active Service This Period | 00 | 00 | 00 |
| d. Total Prior Active Service | 01 | 00 | 13 |
| e. Total Prior Inactive Service | 00 | 07 | 19 |
| f. Foreign Service | 00 | 00 | 00 |
| g. Sea Service | 00 | 00 | 00 |
| h. Effective Date of Pay Grade | 81 | 01 | 07 |
| i. Reserve Oblig. Term. Date | 00 | 00 | 00 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED *(All periods of service)*

NONE

14. MILITARY EDUCATION *(Course Title, number weeks, and month and year completed)*

NONE

15. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM: ☐ YES ☒ NO

16. HIGH SCHOOL GRADUATE OR EQUIVALENT: ☒ YES ☐ NO

17. DAYS ACCRUED LEAVE PAID: NONE

18. REMARKS

TIME SERVED DURING THIS PERIOD OF SERVICE IS NOT CREDITABLE FOR PROMOTION OR LONGEVITY. NOTHING FOLLOWS.

19. MAILING ADDRESS AFTER SEPARATION

212 SANDY LANE
WARWICK, RI 02888

20. MEMBER REQUESTS COPY 6 BE SENT TO ______ DIR. OF VET AFFAIRS ☐ YES ☒ NO

21. SIGNATURE OF MEMBER BEING SEPARATED

22. TYPED NAME, GRADE, TITLE AND SIGNATURE OF OFFICIAL AUTHORIZED TO SIGN

PHILIP S. PAYNE, SFC, ACT CHIEF, TRF PT