UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID L. CANTAGALLO :
:
v. : CA 05-438 ML
:
SANFORD CIRCUIT ADULT PROBATION :

**REPORT AND RECOMMENDATION**

Before the court is Petitioner's In Forma Pauperis Affidavit (Document ("Doc.") #2) (the "Affidavit"), which the court treats as an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (the "Application"). Petitioner seeks to proceed in forma pauperis in conjunction with a habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. #1), which he has entitled a Motion to Quash, Dismiss, or Set Aside ("Motion to Quash") a 1981 warrant relating to an alleged probation violation in Florida. The Application has been referred to me for findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and District of R.I. Local Rule 32(c).

According to the Affidavit, Petitioner is employed by the Rhode Island Department of Corrections ("RIDOC") and earns $3.00 per day. See Affidavit at 1. He states that he has $285.01, encumbered, in his prison account. See id. at 2. However, the RIDOC Inmate Statement[1] Petitioner attached to his Affidavit

[1] The court notes that the Inmate Statement Petitioner attached to his Affidavit is not certified by an appropriate official at the RIDOC as required by 28 U.S.C. § 1915. See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.").

reflects that he also had a balance of $22.93 available as of September 27, 2005. See Affidavit, Attachment.

The court concludes that Petitioner has the ability to pay the $5.00 filing fee for a habeas corpus action. Accordingly, the court recommends that the Application be denied and that Petitioner be directed to pay the filing fee or face dismissal of the instant action.[2]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[2] The court notes that it does not appear that Petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254. According to the statute,

> (B)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) **the applicant has exhausted the remedies available in the courts of the State**; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (bold added). Petitioner states that his Motion to Quash was denied by Judge Clifton in the Washington County Superior Court on July 20, 2005, see Motion to Quash at 1, and that he has not appealed that decision in the state courts, see Petition for Relief From a Conviction or Sentence By a Person in State Custody at 5-6.

/s/ David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
October 24, 2005